UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11956-RWZ

PAUL J. McMANN

v.

GLOBAL TEL*LINK

<u>MEMORANDUM OF DECISION</u>

September 6, 2013

ZOBEL, D.J.

At the time plaintiff Paul J. McMann filed this suit, he was a pretrial detainee at the Donald W. Wyatt Detention Facility ("Wyatt") in Rhode Island. He alleges that defendant Global Tel*Link, a telecommunications provider with its principal place of business in Alabama, overcharged him for telephone calls and failed to provide information required by federal law. He claims that defendant thereby violated his rights under the First and Sixth Amendments to the Constitution. Plaintiff seeks declaratory and injunctive relief, as well as damages, on behalf of himself and a putative class of all other inmates held at Wyatt while defendant had a contract to provide telephone services to the facility.

Defendant has moved to dismiss the complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. <u>See</u> Fed. R. Civ. P. 12(b)(1), (2), (6). Because the personal jurisdiction analysis is dispositive, I do not

address defendant's other arguments.

"When a court's personal jurisdiction over a defendant is contested, the plaintiff has the ultimate burden of showing by a preponderance of the evidence that jurisdiction exists." Adams v. Adams, 601 F.3d 1, 4 (1st Cir. 2010). Personal jurisdiction must be authorized by state statute and must comply with the Due Process Clause of the federal Constitution. Adelson v. Hananel, 652 F.3d 75, 80 (1st Cir. 2011). The Massachusetts Supreme Judicial Court has interpreted the state's long-arm statute, Mass. Gen. Laws ch. 223A, § 3, to grant personal jurisdiction to the full extent permitted by the Due Process Clause. Therefore, I need only consider whether personal jurisdiction here satisfies due process. Id. at 80–81; Phillips, 530 F.3d at 26.

Personal jurisdiction can be either general or specific. For general jurisdiction, due process requires that the defendant have continuous and substantial contacts with the forum state, but the claim need not be related to those contacts. Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005). For specific jurisdiction, the defendant need only have some minimum contacts with the forum state; however, the claim must be related to those contacts. Id. Furthermore, the defendant's contacts must represent a purposeful availment of the privilege of conducting activity in the forum state, and the exercise of jurisdiction must be reasonable under the circumstances. Phillips, 530 F.3d at 27.

Plaintiff acknowledges that defendant's primary place of business is Alabama. Although he generally alleges that defendant "owns and operates . . . payphones within correctional facilities throughout the United States," Docket # 1 (Compl.), ¶ 4, he does

not specifically advance any continuous and substantial contacts between defendant and Massachusetts. He has therefore failed to show that this court has general personal jurisdiction over defendant.

Plaintiff has also failed to show specific personal jurisdiction over defendant. He claims that defendant charged excessive prices in Rhode Island, failed to post required notices in Rhode Island, and bribed public officials in Rhode Island. The only connections he alleges between this case and Massachusetts are that he himself resides in Massachusetts, that he made several of the phone calls at issue to Massachusetts, and that the money he paid defendant came from Massachusetts. Those contacts are simply insufficient to show that defendant ever purposefully availed itself of the privilege of conducting business in Massachusetts. See Adams, 601 F.3d at 6-7; Phillips, 530 F.3d at 28-29; Adelson v. Hananel, 510 F.3d 43, 50 (1st Cir. 2007) (personal jurisdiction cannot be based on "the unilateral actions of another party").[1]

Defendant's motion to dismiss (Docket # 15) is therefore ALLOWED for lack of personal jurisdiction. In light of that ruling, plaintiff's motion to reconsider appointment of counsel (Docket # 20), plaintiff's motion for class certification (Docket # 21), and defendant's motion to stay discovery (Docket # 22) are DENIED AS MOOT.

Plaintiff's motion accusing defendant of contempt is based on the erroneous premise that defendant failed to timely respond to the complaint. Federal Rule of Civil Procedure 12(a)(4) makes clear, however, that a defendant is not required to file an

---

[1] Plaintiff's opposition to the motion to dismiss focuses on the fact that he is a resident of Massachusetts, and so there is diversity of citizenship between the parties. But diversity only goes to show subject matter jurisdiction over the case, not personal jurisdiction over the defendant. Compare Fed. R. Civ. P. 12(b)(1) with Fed. R. Civ. P. 12(b)(2).

answer while it has a motion under Rule 12(b) pending. Because defendant fully complied with both the court's orders and the Federal Rules of Civil Procedure, plaintiff's motion (Docket # 19) is DENIED.

Judgment may be entered dismissing the complaint.

|   |   |
|---|---|
|   September 6, 2013   <br> DATE |   /s/Rya W. Zobel   <br> RYA W. ZOBEL <br> UNITED STATES DISTRICT JUDGE |